# Third District Court of Appeal
## State of Florida

Opinion filed October 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1856
Lower Tribunal No. 20-301
_____

**L.A., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

PER CURIAM.

The State filed a delinquency petition against appellant L.A., a juvenile, having charged L.A. with one count of misdemeanor battery after L.A. became unruly at school. L.A.'s bench trial occurred on October 14, 2020, via the Zoom videoconferencing platform. Prior to this adjudicatory proceeding, L.A. filed a written "Objection to Remote Trial" on the dual bases that L.A. had a constitutional right to be present in the courtroom and the constitutional right of confrontation of accusers and witnesses.[1]

The trial court overruled L.A.'s objection without making a case-specific finding of necessity for a remote trial and the case proceeded to trial. At its conclusion, the trial court found L.A. delinquent, withheld adjudication, and placed L.A. on probation.

Ordinarily, a juvenile has a right of confrontation in a delinquency trial. See E.A.R. v. State, 4 So. 3d 614, 619 n.10 (Fla. 2009). For there to be an exception to the right of confrontation in a remote proceeding, the trial court must make "a case-specific finding, based on important state interests, public policies, or necessities of the case . . . and must satisfy the other three

---

[1] At the time of the adjudicatory hearing, the Florida Supreme Court, in response to the COVID-19 pandemic, had issued an administrative order providing, *inter alia*, that juvenile delinquency cases may be conducted remotely, thereby suspending restrictions on the use of communications equipment, if ordered by the chief judge of the circuit. See In Re Comprehensive COVID-19 Emergency Measures for the Florida Courts, Fla. Admin. Order No. AOSC20-23, Amendment 7 (Fla. Oct. 2, 2020).

elements of confrontation – oath, cross-examination, and observation of the witness's demeanor." <u>Harrell v. State</u>, 709 So. 2d 1364, 1369 (Fla. 1998).

Given this Court's recent jurisprudence in juvenile cases conducted under circumstances similar to the instant case, we conclude that due process required the trial court to make a case-specific finding of necessity – differentiated from the general findings of the administrative order – for L.A.'s remote trial. <u>See</u> <u>J.T.B. v. State</u>, 47 Fla. Weekly, D1401, 2022 WL 2334940 at *5 (Fla. 3d DCA June 29, 2022) ("[T]he failure to render case-specific findings of necessity justifying conducting the juvenile adjudicatory hearings remotely resulted in a denial of due process."); <u>M.D. v. State</u>, 47 Fla. Weekly D1409, 2022 WL 2334996 at *5 (Fla. 3d DCA June 29, 2022) ("[D]ue process requires a case-specific finding of necessity before a trial court may conduct a remote adjudicatory hearing over objection."); <u>see also</u> <u>J.D. v. State</u>, No. 3D21-1055, 2022 WL 4229400 (Fla. 3d DCA Sept. 14, 2022).

Accordingly, we reverse and remand this case for a new adjudicatory hearing.

Reversed and remanded.